IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID HARRELL                                                                PLAINTIFF

v.                            No. 5:14-cv-214-DPM

GERALD ROBINSON, in his Individual and
Official Capacity as the Sheriff of Jefferson
County, Arkansas; LAFAYETTE WOODS,
in his Individual and Official Capacity as a
duly appointed Deputy Sheriff of Jefferson
County, Arkansas; and STANLEY JAMES,
in his Individual and Official Capacity as a
duly appointed Deputy Sheriff of Jefferson
County, Arkansas                                                             DEFENDANTS

ORDER

The Court has tried its best, but the current motion papers in this employment case are too tangled to unravel. Defendants' motion for summary judgment, № 32, is denied without prejudice. Their motion to incorporate, № 31, is denied as moot. The Defendants may file a new dispositive motion by 13 November 2015. Please follow this Court's motion protocol.* Harrell's timeline, № 62-1, is helpful; and the Court requests that

---

*Summary Judgment. Motions must comply with Federal Rule of Civil Procedure 56 and Local Rules 7.2 and 56.1. Make the complete condensed transcript of any deposition cited an exhibit. Limit your Rule 56.1 statements to *material* facts. Include a *specific* supporting record citation for each fact asserted. Responding statements of fact must repeat the statement being

the parties strive for clarity on the sequence of events and the arguments about each remaining claim. The active complaint, № 20, seems to plead claims beyond those authorized by Judge Hickey, № 19. But defendants never objected; and the point seems to have been waived by 26 months of silence.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

7 October 2015

---

responded to — like a discovery response. Include a *specific* supporting record citation for each fact disputed or asserted in the responding statement. A party's substantial failure to follow these procedures will result in the party having to correct its filing. If the summary judgment papers are voluminous, the Court would appreciate the parties sending a courtesy copy to chambers.